UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as Subrogee of MACO MANAGEMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOODMAN COMPANY, L.P., and BROAD-OCEAN MOTOR, LLC, <br><br> Defendants. | CASE NO.: _____ <br><br> (Removed from the Superior Court of Gwinnet County, Civil Action File No.: 21-A-02545-6) |

## NOTICE OF REMOVAL

Defendant Goodman Company, L.P. ("Goodman"), by counsel, hereby gives notice of the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of removal, Goodman states as follows:

## NATURE OF THE ACTION

1. On April 2, 2021, Plaintiff, Federal Insurance Company, as subrogee of MACO Management Company, Inc., filed a lawsuit in the Superior Court of Gwinnett County, State of Georgia, titled *Federal Insurance Company as subrogee*

of *MACO Management Company, Inc. v. Goodman Company, L.P. and Broad-Ocean Motors, LLC*, 21-A-024506. *See* Complaint. (attached hereto as **Exhibit 1**).

2. Plaintiff alleges that Defendants' negligent manufacture, assembly, sale, and/or distribution of a PTAC Unit caused a fire which caused Plaintiff's damages. *See* Exhibit 1, ¶¶ 9-25.

### I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441(a), (b)(2).

#### A. All of the Parties Are Diverse

4. Defendant Goodman Company L.P. is a Texas limited partnership with its principal place of business in Texas. Goodman has two partners: Goodman Holding Company, Inc., which is a Texas Corporation with its principal place of business in Texas, and Goodman Manufacturing Company L.P. Goodman Manufacturing Company L.P. is a Texas limited partnership with its principal place of business in Texas. Goodman has three partners: Goodman Holding

Company, Inc., which is a Texas Corporation with its principal place of business in Texas; Goodman Appliance Holding Company, Inc., which is a Texas corporation with its principal place of business in Texas; and Daikin North America LLC, which is a Delaware company with its principal place of business in Texas whose sole member is Goodman Global Holdings, Inc., a Delaware corporation with its principal place of business in Texas. Therefore, Goodman has citizenship in Delaware and Texas for diversity purposes.

5. Defendant Broad-Ocean Motor, LLC ("Broad-Ocean") is a Delaware limited liability company wholly owned by Broad-Ocean Motor (Hong Kong) Co. Ltd., a Chinese company and, therefore, Broad-Ocean is not a citizen of any U.S. jurisdiction for diversity purposes.

6. Plaintiff, Federal Insurance Company is incorporated under the laws of Indiana and has a principal place of business in New Jersey. *See* Exhibit 1. ¶ 1. Thus, Federal Insurance Company is a citizen of Indiana and New Jersey for diversity purposes.

7. MACO Management Company, as subrogor of Federal Insurance Company's claim, should not be considered for diversity purposes. "Where an insurance company as subrogee pays the entirety of an insured's loss, the insurance

company is the only real party in interest." *Arch Ins. Co. v. Bennett*, No. CIV.A. 208CV0075-RWS, 2009 WL 5175591 (N.D. Ga. Dec. 21, 2009) (citing *Frank Briscoe Co. v. Ga. Sprinkler Co.,* 713 F.2d 1500, 1502 n. 1 (11th Cir.1983)). The damages sought by Federal Insurance Company are the exact amount the insurer paid to MACO, therefore, Federal Insurance Company is the only true party in interest and MACO's citizenship is not relevant for diversity purposes.[1] *See* Exhibit 1. ¶¶ 18, 25.

8.    Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants and thus, removal is proper. 28 U.S.C. §§ 1332(a), 1441(a).

**B.    The Amount in Controversy Exceeds $75,000**

9.    The amount in controversy in this action, exclusive of interests and costs, exceeds $75,000.

10.    A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the "'short and plain statement' standard from Rule

---

[1] Even if MACO's citizenship were relevant, MACO is a citizen of Missouri because it was incorporated in Missouri and also maintains its principal place of business there. As such, MACO's citizenship would not destroy diversity.

Case 1:21-cv-02046-VMC   Document 1   Filed 05/13/21   Page 5 of 9

8(a)" of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81-82 (2014). In borrowing Rule 8(a)'s general pleading requirement, Congress intended "to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *See id* (internal citation omitted).

11. "To determine the amount in controversy [t]he court considers the document received by the defendants from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Boateng v. Morrison Mgmt. Specialists, Inc.*, No. 1:11-CV-00142-RWS, 2011 WL 2420381, at *2 (N.D. Ga. June 13, 2011) (internal citation omitted).

12. Federal Insurance Company has alleged their damages to be in the amount of $410,585.99. *See* Exhibit 1, ¶¶ 25, 30. Therefore, the amount in controversy exceeds $75,000.

## II.   DEFENDANTS HAVE COMPLIED WITH ALL REMOVAL PROCEDURES

13. Goodman received service of the Summons and Complaint on April 13, 2021. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of such service.

- 5 -

14. The Superior Court of Gwinnett County is located within the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Therefore, venue for this action is proper in this Court because the Northern District of Georgia is the "district and division embracing the place where such action is pending." *See* id. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents on file with the Superior Court of Gwinnett County are attached hereto as **Exhibit 2**.

16. Co-defendant Broad-Ocean was served with the Summons and Complaint on April 13, 2021. Broad-Ocean's written consent to this Notice of Removal is attached as **Exhibit 3**.

17. Pursuant to 28 U.S.C. § 1446(d), immediately following its filing, a copy of this Notice of Removal is being served on Plaintiff's counsel and will be filed with the Clerk of the Superior Court of Gwinnett County. A true and correct copy of the Notice of Filing of Notice of Removal to be filed with the Superior Court of Gwinnett County (exclusive of exhibits) is attached hereto as **Exhibit 4.**

18. No previous application has been made for the relief requested herein.

WHEREFORE, Defendant Goodman Company, L.P., with the consent of Defendant Broad-Ocean Motor, LLC, respectfully removes this action from the

Superior Court of Gwinnett County, in the State of Georgia, bearing case number 21-A-024506, to this Court.

DATED: May 13, 2021

                                  Respectfully Submitted,

By:  */s/ Leslie J. Suson*
       Leslie J. Suson
       Georgia Bar No. 142162
       **THOMPSON HINE LLP**
       Two Alliance Center, Suite 1600
       3560 Lenox Road
       Atlanta, Georgia 30326
       Telephone: (404) 541-2900
       Facsimile:  (404) 541-2905
       *Leslie.Suson@thompsonhine.com*

## **CERTIFICATION OF FONT**

The undersigned hereby certifies that this document has been prepared in a Times New Roman, 14-point font and otherwise complies with Local Rule 5.1C. This 13th day of May, 2021.

>*/s/ Leslie J. Suson*
>Leslie J. Suson
>Georgia Bar No. 142162

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing *NOTICE OF REMOVAL* with the Clerk of Court via the CM/ECF system and served a true and correct copy of the same via U.S. First Class Mail with adequate postage affixed thereon upon the following counsel of record:

Graham McKinnon IV
FOX, CHANDLER, HOMANS, HICKS & MCKINNON LLP
125 Maple Street NW
P.O. Box 2515
Gainesville, GA 30503

Caroline J. Tanner
HOLLAND & KNIGHT LLP
1180 W. Peachtree Street NW, Suite 1800
Atlanta, GA 30309-3407

This 13th day of May 2021.

*/s/ Leslie J. Suson*
Leslie J. Suson
Georgia Bar No. 142162