# EXHIBIT 1

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-02545-6**
**4/2/2021 2:27 PM**
**TIANA P. GARNER, CLERK**

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY as subrogee of MACO Management Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> GOODMAN COMPANY, L.P. <br><br> -and- <br><br> BROAD-OCEAN MOTOR, LLC <br><br> Defendants. | Civil Action No. _____ <br><br> **21-A-02545-6** |

## COMPLAINT

COMES NOW Plaintiff, Federal Insurance Company as subrogee of MACO Management Company, Inc., by and through undersigned counsel, and files this Complaint for damages as follows:

## PARTIES

1.    Plaintiff, Federal Insurance Company (hereinafter "Federal"), is a corporation duly organized and existing under the laws of the state of Indiana, with a principal place of business located at 202B Halls Mill Road, Whitehouse Station, New Jersey, 08889.  At all times relevant hereto, Federal was authorized to issue policies of insurance in the State of Georgia

2.    Upon information and belief, Defendant Goodman Company, L.P. ("Goodman") is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 19001 Kermier Road, Waller, Texas, 77484.

26644025v.1

Copy from re:SearchGA

3.      Goodman is registered to do business within the State of Georgia, and its registered agent for service of process within the State of Georgia is CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia, 30046.

4.      At all times relevant hereto, Goodman was engaged in the business of manufacturing, selling, distributing, designing and/or supplying products for use in heating, ventilation and air conditioning systems, including Packaged Terminal Air Conditioner ("PTAC") units.

5.      Upon information and belief, Defendant Broad-Ocean Motor, LLC ("Broad-Ocean") is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 910 Pasquinelli Drive, Westmont, Illinois, 60559.

6.      At all times relevant hereto, Broad-Ocean was engaged in the business of, among other things, manufacturing, selling, distributing, designing and/or supplying component parts for PTAC units.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Defendants and the subject matter of this action based upon the following substantial contacts with the State of Georgia:

    (a)      On information and belief, Defendants have conducted and continue to conduct substantial business in Georgia on a regular basis;

    (b)      Goodman is registered to do business within the State of Georgia and maintains an agent for service of process within the State of Georgia; and

    (c)      The incident giving rise to this action occurred in Georgia.

8.      Venue is proper in Gwinnett County because one of the Defendants maintains a registered agent for service of process in Gwinnett County, and, upon information and belief, Defendants are actually doing business in Gwinnett County.

-2-

26644025v.1

Copy from re:SearchGA

## FACTS

9.      At all times relevant hereto, Plaintiff's subrogor, MACO Management Company, Inc. ("MACO"), owned a residential apartment complex for seniors known as Harristown Park, which is located at 2135 Reynolds Street SW, Covington, Georgia (the "Subject Premises").

10.     At all times relevant hereto, Federal insured the Subject Premises pursuant to policy no. 3578-49-89 STL (the "Policy").

11.     On or about December 1, 2011, a contractor purchased a PTAC unit bearing model number PTH073E35AXXX and serial number 1003414591 on behalf of MACO for installation at the Subject Premises (the "Subject PTAC Unit").

12.     The Subject PTAC Unit was subsequently installed in a hallway on the fourth floor of the Subject Premises.

13.     The Subject PTAC Unit was manufactured, designed, assembled, distributed, sold and/or otherwise placed in the stream of commerce by Goodman.

14.     On or about October 29, 2020, a fire occurred at the Subject Premises, resulting in significant damage to MACO's real and personal property.

15.     Investigation revealed that the fire started at the Subject PTAC Unit.  Specifically, the fire started at the outdoor fan motor.

16.     The fan motor in the Subject PTAC Unit was manufactured, designed, assembled, distributed, sold and/or otherwise placed in the stream of commerce by Broad-Ocean.

17.     As a result of the fire, MACO filed an insurance claim with Federal.

18.     In accordance with the terms of the Policy, Federal has paid $410,585.99 to date to compensate MACO for the damage to its property.

-3-

26644025v.1

Copy from re:SearchGA

19.     Adjustment of the loss has not yet been completed and Federal expects to make additional payments in the future to compensate MACO for the damage to its property caused by the fire.

20.     By virtue of the payments it has made and will make to MACO in accordance with the terms and conditions of the Policy, Federal is now subrogated to the rights of MACO against the party or parties responsible for the fire.

## COUNT I – NEGLIGENCE
### Plaintiff v. Goodman

21.     Plaintiff incorporates by reference the averments contained in paragraphs 1 through 20 as though same were set forth at length herein.

22.     Goodman owed a duty to MACO to exercise due and reasonable care in the design, manufacture, assembly, sale and/or distribution of the Subject PTAC Unit.

23.     Goodman breached its duty of care in one or more of the following ways:

(a)     designing, manufacturing, assembling, selling and/or distributing a defective PTAC Unit which Goodman knew or reasonably should have known subjected foreseeable third parties to an unreasonable risk of fire;

(b)     designing, manufacturing, assembling, selling and/or distributing a defective PTAC unit that did not contain a reasonable and technologically feasible safety device to avoid the risk of a fire;

(c)     failing to design, manufacture, assemble, sell and/or distribute a PTAC unit that was safe for all reasonably foreseeable uses;

(d)     failing to comply with generally recognized safety practices and standards;

(e)     failing to test and/or inspect the PTAC Unit to determine whether it could be used without posing a risk of injury to life and property;

(f)     failing to meet the standard of care required by a reasonable manufacturer, distributor, designer, seller and/or distributor in the manufacture, design, sale and distribution of the PTAC Unit.

-4-

26644025v.1

Copy from re:SearchGA

24.     Goodman's breach of duty was a direct and proximate cause of the October 29, 2020, fire and resulting damage to MACO's property.

25.     Goodman is liable to Plaintiff for the damages sustained by MACO due to Goodman's negligence.

WHEREFORE, Plaintiff demands judgment in its favor and against Goodman in the amount of $410,585.99 plus an additional amount to be determined at trial, with pre and post judgment interest, costs and any other relief which the Court deems appropriate.

## COUNT II – NEGLIGENCE
### Plaintiff v. Broad-Ocean

26.     Plaintiff incorporates by reference the averments contained in paragraphs 1 through 25 as though same were set forth at length herein.

27.     Broad-Ocean owed a duty to MACO to exercise due and reasonable care in the design, manufacture, assembly, sale and/or distribution of the fan motor in the Subject PTAC Unit.

28.     Broad-Ocean breached its duty of care in one or more of the following ways:

    (a)     designing, manufacturing, assembling, selling and/or distributing a defective fan motor which Broad-Ocean knew or reasonably should have known subjected foreseeable third parties to an unreasonable risk of fire;

    (b)     designing, manufacturing, assembling, selling and/or distributing a defective fan motor that did not contain a reasonable and technologically feasible safety device to avoid the risk of a fire;

    (c)     failing to design, manufacture, assemble, sell and/or distribute a fan motor that was safe for all reasonably foreseeable uses;

    (d)     failing to comply with generally recognized safety practices and standards;

    (e)     failing to test and/or inspect the fan motor in the Subject PTAC Unit to determine whether it could be used without posing a risk of injury to life and property;

    (f)     failing to meet the standard of care required by a reasonable manufacturer, distributor, designer, seller and/or distributor in the manufacture, design, sale and distribution of the fan motor in the Subject PTAC Unit.

-5-

Copy from re:SearchGA

-6-

29.     Broad-Ocean's breach of duty was a direct and proximate cause of the October 29, 2020, fire and resulting damage to MACO's property.

30.     Broad-Ocean is liable to Plaintiff for the damages sustained by MACO due to Broad-Ocean's negligence.

WHEREFORE, Plaintiff demands judgment in its favor and against Broad-Ocean in the amount of $410,585.99 plus an additional amount to be determined at trial, with pre and post judgment interest, costs and any other relief which the Court deems appropriate.

This __2__ day of March, 2021.

FOX, CHANDLER, HOMANS,
HICKS & McKINNON, LLP


_____
Graham McKinnon IV
State Bar No. 495806
Counsel for Federal Insurance
Company as subrogee of MACO
Management Company, Inc.

26644025v.1

Copy from re:SearchGA